**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PATAGONIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-3653 |
| | § | |
| ERIN LEE LOBDELL, | § | |
| dba LONESTAR TRADE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

This lawsuit is necessary to stop Erin Lee Lobdell dba Lonestar Trade ("Lonestar") from continuing to copy Patagonia, Inc.'s ("Patagonia") proprietary product photography, and to recover appropriate compensation. Patagonia took steps to stop Lonestar's infringement outside of litigation, including by sending a DMCA removal notice to Lonestar's ecommerce platform, Amazon.com. Lonestar, however, submitted an improper and false counter-notification, requiring Patagonia to file this lawsuit to prevent further infringement. Unless Lonestar is enjoined from infringing Patagonia's intellectual property rights, Patagonia will continue to suffer substantial ongoing and irreparable harm. Patagonia alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. For more than forty years, Patagonia has been designing, developing, and marketing outdoor apparel and related products. Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

- 1 -

2.     Erin Lee Lobdell is an individual doing business as "Lonestar Trade," located at 11702B Grant Road, #135, Houston, Texas 77070. Lonestar offers tens of thousands of products through an Amazon.com seller storefront located at https://www.amazon.com/s?marketplaceID= ATVPDKIKX0DER& merchant=A2E1VN4OEXE0LB.

3.     Patagonia's copyright infringement claims arise under the Copyright Act, for which jurisdiction is conferred under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4.     This Court has personal jurisdiction over Lonestar because it is located in this district and offers products to the residents of this district. Further, Lonestar has consented to jurisdiction in this district through its counter-notification under 17 U.S.C. § 512(g).

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Lonestar transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.

## GENERAL ALLEGATIONS

6.     Patagonia conceives, designs and sells a large number of apparel and sportswear products, outdoor gear and related accessories. To market and support sales of its world-renowned product lines, Patagonia creates unique artwork and product photography that reflects the company's design aesthetic. Patagonia devotes significant resources to developing these creative works; it publishes the works itself on its website and in its catalogs, and permits a select group of third party partners to use its proprietary photography and other images through a licensing program.

7.     Relevant to this Complaint, Patagonia created the following photographs of its Re-Tool Snap-T® Fleece Pullover. Patagonia has a pending copyright application covering the photos, No. 1-7015643997.



8.      Lonestar has copied Patagonia's proprietary photography without authorization, and reproduced and distributed copies of these photos, including by uploading them to Amazon.com.  The copies used by Lonestar are identical to Patagonia's copyrighted works. On information and belief, Lonestar first reproduced and infringed Patagonia's copyrighted works in or around January 2017.

9.      To stop Lonestar from infringing Patagonia's rights, Patagonia submitted to Amazon.com a notification of claimed infringement and request for removal under 17 U.S.C. § 512(c)(3)(A), the DMCA's notice and takedown provision.  In compliance with the DMCA, Amazon.com disabled Lonestar's copies.

10.     Lonestar responded by submitting a counter-notification to Amazon.com. When Patagonia confirmed to Lonestar that Amazon.com's records showed that Lonestar had in fact uploaded copies of Patagonia's works and requested that Lonestar withdraw its counter-

notification, Lonestar refused.  On information and belief, Lonestar's counter-notice includes or constitutes a material misrepresentation for purposes of 17 U.S.C. § 512(f).

11.     By misappropriating Patagonia's copyrighted works, Lonestar has avoided the need to pay to produce its own marketing content, circumvented Patagonia's licensing program through which Patagonia authorizes and consents to certain partners' use, and cloaked itself falsely as an approved, authorized seller of Patagonia products.

12.     Lonestar's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Lonestar and all persons acting in concert with it.

### COPYRIGHT INFRINGEMENT CLAIM

13.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 12 of this Complaint.

14.     Patagonia has submitted complete copyright applications for the works identified in this Complaint.

15.     Without authorization Lonestar has reproduced, distributed, and used copies of Patagonia's copyrighted works in violation of Patagonia's exclusive rights, damaging Patagonia and harming Patagonia's relationship with its licensees.

16.     Lonestar's unlawful reproduction, distribution, and/or use of Patagonia's proprietary photography constitutes copyright infringement.  Patagonia alleges that Lonestar acted intentionally, willfully and in bad faith when it reproduced, distributed, and/or used the infringing copies.

17.     Lonestar's counter-notification includes or constitutes a material misrepresentation that its copies of Patagonia's works were removed or disabled by mistake

or misrepresentation, causing damage to Patagonia and forcing Patagonia to incur costs and attorney's fees.

18.     As a direct and proximate result of Lonestar's conduct, Patagonia is entitled to injunctive relief and actual damages, as well as any profits of Lonestar attributable to its acts of infringement.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

A.     Adjudge that Lonestar has infringed Patagonia's copyrights in violation of Patagonia's rights under the Copyright Act, 17 U.S.C. § 101, et seq.;

B.     Adjudge that Lonestar, its agents, servants, employees, and all persons acting under its permission and authority, be enjoined and restrained from infringing Patagonia's rights, and from continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

C.     Adjudge that Lonestar, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the Judgment;

D.     Adjudge that Patagonia be awarded its actual damages in an amount to be proven at trial, that Lonestar be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded all such amounts including any statutory damages or multipliers that are available, plus prejudgment interest;

E.     Adjudge that Patagonia be awarded restitution and/or disgorgement of all of Lonestar's revenues, earnings, profits or ill-gotten gains obtained as a result of its unlawful, unfair, and/or fraudulent business acts or practices;

F.    Adjudge that Patagonia be awarded its attorneys' fees and other costs of suit;

G.    Adjudge that Patagonia be awarded damages, costs, and attorney's fees under 17 U.S.C. § 512(f); and

H.    Adjudge that all such other relief be awarded to Patagonia as this Court deems just and fair.

Dated:  October 5, 2018              Respectfully submitted,


By:_____/s/ *Jarett Dillard*_____
      Jarett Dillard (attorney in charge)
      Texas State Bar No. 24099801
      KILPATRICK TOWNSEND & STOCKTON LLP
      700 Louisiana Street, Suite 4300
      Houston, Texas  77002
      Telephone:  (281) 809-4100
      Facsimile:   (281) 929-0787
      E-Mail:      jdillard@kilpatricktownsend.com

*Of Counsel*:

      Gregory S. Gilchrist (California Bar No. 111536)
      Ryan T. Bricker (California Bar No. 269100)
      Alexandra N. Martinez (California Bar No. 317382)
      KILPATRICK TOWNSEND & STOCKTON LLP
      Two Embarcadero Center, Suite 1900
      San Francisco, California 94111
      Telephone:  (415) 576-0200
      Facsimile:   (415) 576-0300
      E-Mail:      ggilchrist@kilpatricktownsend.com
                   rbricker@kilpatricktownsend.com
                   amartinez@kilpatricktownsend.com

      Attorneys for Plaintiff
      PATAGONIA, INC.

**DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

Dated:  October 5, 2018                          Respectfully submitted,


By: _____/s/ *Jarett Dillard*_____

    Jarett Dillard (attorney in charge)
    Texas State Bar No. 24099801
    KILPATRICK TOWNSEND & STOCKTON LLP
    700 Louisiana Street, Suite 4300
    Houston, Texas  77002
    Telephone:  (281) 809-4100
    Facsimile:  (281) 929-0787
    E-Mail:  jdillard@kilpatricktownsend.com

*Of Counsel*:

    Gregory S. Gilchrist (California Bar No. 111536)
    Ryan T. Bricker (California Bar No. 269100)
    Alexandra N. Martinez (California Bar No. 317382)
    KILPATRICK TOWNSEND & STOCKTON LLP
    Two Embarcadero Center, Suite 1900
    San Francisco, California 94111
    Telephone:  (415) 576-0200
    Facsimile:  (415) 576-0300
    E-Mail:  ggilchrist@kilpatricktownsend.com
          rbricker@kilpatricktownsend.com
          amartinez@kilpatricktownsend.com

    Attorneys for Plaintiff
    PATAGONIA, INC.