United States District Court
Southern District of Texas
**ENTERED**
December 17, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATAGONIA, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3653 |
| | § | |
| ERIN LEE LOBDELL d/b/a | § | |
| Lonestar Trade, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This copyright infringement case is before the Court on the Motion to Dismiss [Doc. # 10] filed by Defendant Erin Lee Lobdell d/b/a Lonestar Trade ("Lonestar"), to which Plaintiff Patagonia, Inc. ("Patagonia") filed an Opposition [Doc. # 21], and Plaintiff filed a Reply [Doc. # 23]. Defendant seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Dismiss.

### **I.    BACKGROUND**

Patagonia alleges that it designs and sells apparel and sportswear products, outdoor gear and related accessories for which it creates "unique artwork and product

---

[1] In her Motion to Dismiss, Plaintiff seeks dismissal for insufficient process pursuant to Federal Rule 12(b)(4). In her Reply, Plaintiff concedes that Plaintiff has remedied the alleged insufficiency and "mooted Mrs. Lobdell's Motion concerning insufficient process under Rule 12(b)(4)." *See* Reply, p. 2. As a result, the Motion to Dismiss pursuant to Rule 12(b)(4) is **denied as moot**.

photography that reflects the company's design aesthetic." *See* Complaint [Doc. # 1], ¶ 6. Patagonia alleges that it "devotes significant resources to developing these creative works" which it publishes "on its website and in its catalogs." *Id.* Specific to this dispute, Patagonia alleges that it created photographs of its Re-Tool Snap-T Fleece Pullover, and that it has a pending copyright application covering the photographs. *See id.*, ¶ 7.

Patagonia alleges that "Lonestar has copied Patagonia's proprietary photography without authorization, and reproduced and distributed copies of these photos, including by uploading them to Amazon.com." *Id.*, ¶ 8. Patagonia alleges that Lonestar has infringed Patagonia's copyrighted works. *See id.* Patagonia alleges that Lonestar's infringement of its copyrighted works has enabled Lonestar to avoid the expense of producing its own marketing materials, has circumvented Patagonia's licensing program, and has enabled Lonestar to present the false appearance that it is "an approved, authorized seller of Patagonia products." *See id.*, ¶ 11.

Defendant filed its Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II. <u>LEGAL STANDARD FOR RULE 12(b)(6) MOTION</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d

770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.

The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. ANALYSIS

In the Motion to Dismiss, Defendant argues that "Plaintiff fails to allege even the most basic facts beyond the 'naked assertion' that Defendants have violated the law." *See* Motion to Dismiss, p. 4. To the contrary, Plaintiff has alleged a plausible factual basis to support its copyright infringement claim.

To state a claim of copyright infringement, the plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the

work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir.), *cert. denied*, 138 S. Ct. 236 (2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff has alleged that it owns a valid copyright in creative photographs for which it has a pending copyright application. *See* Complaint, ¶¶ 6-7. These allegations are sufficient to satisfy Plaintiff's pleading requirement for the first element of the copyright infringement claim. Indeed, Defendant does not argue that Plaintiff has not adequately alleged this element of the copyright infringement claim.

With reference to the second element, Plaintiff alleges that Defendant copied its proprietary photography without authorization, and distributed the copies to others by, *inter alia*, uploading the copied photographs to Amazon.com. *See id.*, ¶ 8. Plaintiff alleges that Lonestar's copies "are identical to Patagonia's copyrighted works." *See id.* These factual allegations are sufficient to meet the pleading requirements for the second element of Plaintiff's copyright infringement claim against Defendant.

Defendant asserts that "no evidence exists that Lonestar ever reproduced Patagonia's image." *See* Reply, p. 3. Plaintiff is not required at the pleading stage to present evidence. If, after discovery, Defendant believes that Plaintiff cannot present evidence that raises a genuine issue of material fact in support of the copyright

infringement claim, Defendant can at that time move for summary judgment. Dismissal at this stage, however, is unwarranted.

## IV. CONCLUSION AND ORDER

Plaintiff has adequately alleged a factual basis for its copyright infringement claim. Defendant's argument regarding Plaintiff's lack of evidence, even if correct, does not provide a basis for dismissal pursuant to Rule 12(b)(6). As a result, it is hereby

**ORDERED** that Lobdell's Motion to Dismiss [Doc # 10] is **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **December, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE